**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **Timothy M.**,<br>                              Plaintiff,<br><br>          v.<br><br>**Kilolo Kijakazi**, as the Acting<br>Commissioner of the Social Security<br>Administration,<br>                              Defendant. | REPORT AND RECOMMENDATION<br><br>Case No.: 2:20-cv-00661-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)
(ECF 14).  Plaintiff Timothy M. (Plaintiff) seeks judicial review of the decision of the
Commissioner of the Social Security Administration (the Commissioner or Defendant)
denying his application for disability insurance benefits (DIB) under Title II of the Social
Security Act (the Act).  The court heard oral argument on Plaintiff's request for judicial
review on December 2, 2021 (ECF 32).  After careful consideration of the written briefs,
the administrative record, oral argument, and relevant legal authorities, the undersigned
RECOMMENDS that the court REVERSE and REMAND the decision of the
Commissioner for further proceedings.

## I.      BACKGROUND

Plaintiff was 49 years old on his alleged onset date of disability of October 13,
2014 (ECF 18, Certified Administrative Transcript (Tr.) 102).  He completed high school
along with two years of college and worked as a firefighter/EMT and an appliance repair
technician (Tr. 320).  Plaintiff applied for DIB on August 27, 2017, alleging disability

due to "tinnitus, hyperacusis, insomnia, head injury/brain injury, impaired verbal and non-verbal memory, severe post-concussion syndrome, difficulty sustaining concentration and focus, and depression" (Tr. 289).

In a decision dated November 20, 2019, the Administrative Law Judge (ALJ) determined at step 2 that Plaintiff had the severe impairment of "mild neurocognitive disorder" and that his hyperacusis and tinnitus were non-severe (Tr. 18). The ALJ found that although Plaintiff was diagnosed with post-concussion syndrome, there was no treatment in the record during the relevant period for this condition (Tr. 19). The ALJ's decision does not reflect any additional consideration of this impairment at subsequent steps (Tr. 19).

The ALJ considered Plaintiff's mental impairments under Listings 12.02, 12.04, and 12.07 at step 3, finding that his impairments under the B and C criteria did not rise to the level of meeting or equaling the Listings (Tr. 19). Next, the ALJ determined the Plaintiff had the residual functional capacity (RFC) to perform work at all exertional levels but with the following non-exertional limitations: no exposure to hazards such as unrestricted heights and dangerous moving machinery; limited to work environments with no more than moderate noise level; simple, routine, and repetitive tasks; goal-oriented but not assembly line-paced work; and occasional interaction with co-workers, supervisors, and the general public (Tr. 20–21). At step four, the ALJ found that, given this RFC, Plaintiff was unable to perform his past relevant work as an appliance repair technician (Tr. 24). Finally, the ALJ determined at step five that Plaintiff could perform other jobs which existed in significant numbers in the national economy including as a

floor waxer, hospital cleaner, and housekeeping cleaner. (Tr. 24-25).  The ALJ therefore concluded that Plaintiff was not disabled and denied disability benefits (Tr. 25).

The Appeals Council then denied Plaintiff's request for review (Tr. 1–7) making the ALJ's decision the Commissioner's final decision for purpose of judicial review.  *See* 20 C.F.R. §§ 404.981; 422.210(a).  This appeal followed.

## II.    STANDARD OF REVIEW

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the commissioner applied the correct legal standards.  42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  While substantial evidence is "more than a scintilla," it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lax*, 489 F.3d at 1084 (quoting *Hacket v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)).  Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).  However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)).

## III.   DISCUSSION

In determining whether a claimant qualifies as disabled, the Commissioner

employs a five-part sequential evaluation.  *See* 20 C.F.R. § 404.1520(a)(4).  The analysis

evaluates whether:

1. The claimant presently engages in substantial gainful activity;
2. The claimant has a medically determinable severe physical or mental impairment or impairments;
3. The impairment is equivalent to one of the impairments listed in the appendix of the relevant disability regulations which preclude substantial gainful activity. If the claimant has an impairment which meets or is in equivalent in severity to a listed impairment the analysis stops and the claimant is awarded benefits. If not, the ALJ must decide if:
4. The impairment prevents the claimant from performing his past relevant work. If the impairment does not prevent the claimant from performing his past relevant work, the analysis stops and the claimant is denied benefits. If the impairment(s) prevent the claimant from performing his past relevant work the ALJ must decide whether;
5. The claimant possess a residual functional capacity to perform other work in the national economy considering his age, education, and work experience.

*See id.*  A claimant's RFC reflects the most the claimant is able to perform physically and

mentally in a work setting on a sustained basis despite the limitations from his

impairments.  20 C.F.R. § 404.1545.  The claimant has the initial burden of establishing

the disability in the first four steps.  *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).

At step five the burden shifts to the Commissioner to show that the claimant retains the

ability to perform other work existing in significant numbers in the national economy.  *Id.*

Plaintiff's opening brief alleges several errors in the ALJ's decision, including

that the ALJ erred in failing to properly evaluate Plaintiff's post-concussion syndrome

(ECF 21).  The court agrees.  This error mandates reversal and remand and is therefore

dispositive of Plaintiff's appeal.  Accordingly, the court will address only this dispositive

issue, and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

The court finds that the ALJ's determination that Plaintiff's post-concussion syndrome is non-severe is not supported by substantial evidence. The ALJ's determination was premised on an erroneous finding that "there is no treatment for this condition included in the record during the period at issue for this claim" (Tr. 19). However, review of the administrative record reflects that Plaintiff was engaged in regular treatment with Dr. Antonietta Russo, Ph.D. and members or her clinic throughout the time period at issue. *See, e.g.*, Tr. 662–688; 698-699; 700–739; 1047–1102. Though the ALJ does evaluate the opinion of Dr. Russo in the decision, the ALJ cites to treatment records that address both mild neurocognitive disorder and post-concussion syndrome, but the ALJ does not differentiate between the symptoms or limitations resulting from each respective impairment (Tr. 22). Rather, the ALJ mistakenly states at step two that Plaintiff had no treatment for post-concussion syndrome and then fails to specifically address this impairment at subsequent steps.

Although Defendant acknowledges this "inadvertent oversight" in the response brief (ECF 25 at 9), Defendant argues that this is harmless error because the ALJ found Plaintiff had at least one impairment at step two and proceeded through the rest of the sequential evaluation process (ECF 25 at 9–10). Defendant relies on *Allman v. Colvin* to argue this error does not warrant remand (ECF 25 at 7). *See Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) ("As long as the ALJ finds one severe impairment, the ALJ

may not deny benefits at step two but must proceed to the next step. Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds at least one other impairment is severe."). *Allman* is distinguishable from the present case. In *Allman*, the ALJ did not consider the claimant's headaches severe at step two but nonetheless considered the limiting effects of this impairment in the RFC. *Allman*, 813 F.3d at 1331. In this case, the ALJ's step two determination that Plaintiff's post-concussion syndrome was non-severe is not supported by substantial evidence because it is based solely on an erroneous finding the Plaintiff did not receive treatment for post-concussion syndrome.

Further, the ALJ's decision does not specifically discuss post-concussion syndrome or the limiting effects thereof at any other step in the sequential analysis. An ALJ is required to consider the limiting effects of non-severe impairments in determining the claimant's RFC. *See Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013) (noting that the ALJ is not permitted "to simply rely on his finding of non-severity as a substitute for a proper RFC analysis"); *see also Amy H. v. Saul*, No. 1:20-cv-00014-JNP-CMR, 2021 WL 1124866, at *4 (D. Utah Mar. 4, 2021) (reversing and remanding decision for failure to consider a non-severe impairment at subsequent steps). Without a relevant analysis of Plaintiff's post-concussion syndrome, this court cannot determine whether the ALJ's analysis at step three and beyond was correct or whether the RFC assessment included the combined effects of all his medically determinable impairments. *See* 20 C.F.R.§ 404.1545(a)(2)). Accordingly, due to the failure to properly consider Plaintiff's

post-concussion syndrome at step two and thereafter, the ALJ's decision is not supported by substantial evidence.

## RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that that the decision of the Commissioner be REVERSED and REMANDED.

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 17 December 2021.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah